UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Anderson McClellan, | ) C/A No. 9:11-2871-CMC-BM |
| | ) |
|                      Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Director of the South Carolina Department of Corrections, in his individual and his official capacity; Warde Wayne C. McCabe; Mark Gathers, | ) ) ) ) |
| | ) |
|                      Defendants. | ) |
| | ) |

This civil action has been filed by the Plaintiff, *pro se*, pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate in the South Carolina Department of Correction's ("SCDC's") Lieber Correctional Institution ("LCI") in Ridgeville, South Carolina, and is proceeding *in forma pauperis*.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleading pursuant to 28 U.S.C. § 1915A, which requires the court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute directs the court to identify cognizable

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

1

claims or to dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In undertaking this review, this Court is required to hold the *pro se* complaint to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and is charged with liberally construing the complaint to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

## FACTUAL BACKGROUND

Plaintiff seeks injunctive relief requiring the SCDC to reinstate Plaintiff to his prison industries job, which Plaintiff alleges was wrongfully taken away from him when he was transferred to LCI. Plaintiff alleges that he began working in prison industries at the McCormick Correctional Institution ("MCI") in March 1990 and has worked while he was at MCI, Allendale, and Kirkland Correctional Institutions. However, Plaintiff alleges that, on April 23, 2011, he applied for an inmate job in prison industries at LCI and was denied, based on a twenty-five year old disciplinary violation for escape on May 30, 1986. Plaintiff argues that SCDC policy (OP 22.18) provides that inmates must have no escapes within the past ten (10) years to be eligible for a job in prison industries, and

that the Defendants and LCI staff are denying "his right to better employment within prison industries, whereby to be treated fairly by SCDC staff members." ECF No. 1, p. 3.[2] Plaintiff alleges that he filed grievances on April 20, 2011 and April 23, 2011, which were denied on May 17, 2011. ECF No. 1, p. 2.

Plaintiff attaches to his Complaint a copy of a KCI "Plant Manager's Comment" dated 12/10/2010, which indicates that Plaintiff "must be six months disciplinary free" before applying for a job, and that Plaintiff had a "Major [on] 11/2/10." ECF No. 1-1. Plaintiff also attaches copies of the two Step 1 Grievance Forms which Plaintiff alleges were denied by Warden McCabe. ECF No. 1-2, p. 2-5.

## DISCUSSION

Plaintiff's Complaint, on its face, does not state a plausible, non-frivolous § 1983 claim upon which relief may be granted by this Court, because the Complaint fails to make any factual allegations that the Defendants violated any constitutionally protected property or liberty interest belonging to Plaintiff. It is well settled that an inmate has no federally protected right or interest in a prison job or any job at all while incarcerated. *Williams v. Farrior*, 334 F. Supp. 2d 898, 903-904 (E.D. Va. 2004). *See Cosco v. Uphoff*, 195 F.3d 1221, 1224 n.3 (10th Cir. 1999) (noting that an inmate has no property interest in his or her prison job); *Miller v. Benson*, 51 F.3d 166, 170 (8th Cir. 1995) (same); *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982) ("Any expectation that [Plaintiff] may have had of keeping his prison job does not amount to a property or liberty interest."); *James v. Jackson*, No. 08-144, 2009 U.S.

---

[2]Plaintiff also says he is being "discriminated" against, but sets forth no factual allegations to show class-based discriminatory conduct by a named Defendant.

3

Dist. LEXIS 8217, 2009 WL 291162, at * 8 (D.S.C. Feb. 4, 2009) ("[I]nmates do not have a liberty interest derived from the due process clause, nor do they have a property interest, in a specific job or any job at all while incarcerated"). Therefore, while Plaintiff may have some state law claim he could pursue, or further administrative or prison remedies, he may not proceed in this Court under 42 U.S.C. § 1983.

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the Complaint in this case, *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh*; *Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

November 1, 2011
Charleston, South Carolina

Bristow Marchant
United States Magistrate Judge



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636 (b) (1); Fed. R. Civ. P. 72 (b); *see* Fed. R. Civ. P. 6 (a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636 (b) (1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



5