IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| James Anderson McClellan, | ) | C/A NO. 9:11-2871-CMC-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Director of the South Carolina Department | ) | |
| of Corrections, in his individual and | ) | |
| official capacity; Warden Wayne C. | ) | |
| McCabe; Mark Gathers, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On November 1, 2011, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. After receiving an extension of time, Plaintiff filed timely objections to the Report on December 16, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

1

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, Plaintiff's objections, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff's objections contend that "[a]ll cases of authority mentioned throughout the Report and Recommendation [have] no merit whatsoever [r]egarding the Plaintiff's right to work" in prison. Obj. at 2 (ECF No. 18, filed Dec. 16, 2011). However, Plaintiff fails to support this conclusory assertion. Additionally, Plaintiff asks that this court review a policy of the South Carolina Department of Corrections (SCDC) purportedly related to his complaint, arguing that "Lieber's Administration is not in compliance with their own policy . . . ." *Id*. at 1. However, even if the SCDC were not following one of its policies or procedures, this allegation, standing alone, does not amount to a constitutional violation. *See United States v. Caceres*, 440 U.S. 741, 751-52 (1978); *see also Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir.1990) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C.1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

Accordingly, for the reasons noted in the Report, this action is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 19, 2011